UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 462 |
| v. ) | |
| ) | Magistrate Judge |
| DANYALE SIMMONS ) | Sidney I. Schenkier |

### ORDER

This cause coming to be heard on the motion of the United States of America to detain defendant pending trial, pursuant to Title 18, United States Code, Section 3142(f), and this Court having reviewed and considered the evidence presented, as well as having heard argument on this matter on June 17, 2008, the Court finds as follows:

1. Defendant has been charged in a criminal complaint with the January 4, 2008 robbery of the First American Bank, located on 33 W. Monroe St., Chicago, IL, in violation of Title 18, United States Code, Section 2113(a).

2. The defendant waived his right to a preliminary hearing and the Court, therefore, finds that there is probable cause to hold the defendant to answer in the district court to the charges against him.

3. The Court further finds that the statutory factors enumerated in 18 U.S.C. §3142(g) favor detention of the defendant:

    (a) The nature and circumstances of the offense charged in the complaint favor detention. The offense charged is a crime of violence and carries a maximum penalty

of twenty years' imprisonment. The seriousness of the sentence creates an incentive not to appear at required court appearances and reflects the danger inherent in the offense.

(b)  The weight of the evidence favors detention. As detailed in the complaint, forensic evidence links defendant to the demand note used in the offense. Further, the government has proffered evidence that the defendant has admitted to his participation in the offense.

(c)  As to the background, history, and character of the defendant, the Court takes judicial notice of the report prepared by the Office of Pretrial Services ("Pretrial Services"). While defendant has longstanding ties to the community, the Pretrial Services report reflects that defendant has a history of unstable, disrupted, and temporary employment. Further, defendant has a prior felony conviction and a prior misdemeanor conviction; while these convictions are older, the Court notes that defendant is currently facing felony charges in state court stemming from an April 2008 arrest, for which he has failed to appear on one occasion. Further, defendant is an admitted user of controlled substances. While defendant's girlfriend is willing to sign a signature bond, she lacks the ability to post a property or substantial cash bond. The Court believes that it is important that a bond involve some real - rather than theoretical - risk of loss to any surety, thus creating an incentive for the defendant to abide by the conditions of the bond.

4.  Based upon the aforementioned factors, in light of the Pretrial Services report and other evidence presented, the evidence presented before this Court clearly and

convincingly establishes that the defendant poses a danger to the community and that no condition or set of conditions will reasonably assure the safety of any other person or the community.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3142(f), that defendant Danyale Simmons is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the maximum extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. This finding is without prejudice to renew a motion for bond based on changed circumstances.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with his counsel.

IT IS FURTHER ORDERED that upon order of the United States District Court or on request of an attorney of the government, the Warden of the correctional facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding, trial preparation, or other compelling reason.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: June 25, 2008

3